UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Abu B. Kargbo

    v.                                                   Civil No. 11-cv-130-SM

James O'Mara et al.

**O R D E R**

Before the court is pro se plaintiff Abu B. Kargbo's initial complaint (doc. no. 1) with two addenda (doc. nos. 8 and 12), and a motion to amend the complaint (doc. no. 9). Kargbo has also filed a motion for appointment of counsel (doc. no. 10). The motions are before the court for disposition, and the complaint is before the magistrate judge for preliminary review, pursuant to Local Rule 4.3(d)(2).

I.   Motion to Amend

Kargbo, in his motion to amend the complaint (doc. no. 9), requests leave to add allegations and assert new claims against new defendants. The court grants that motion. See Fed. R. Civ. P. 15(a)(1). The Report and Recommendation issued this date sets forth this court's findings and recommendations regarding all of the claims asserted in the complaint, construed to be

comprised of all of the allegations set forth in doc. nos. 1, 8, 9, and 12.

II. Motion for Appointment of Counsel

Kargbo has filed a motion for the appointment of counsel (doc. no. 10) asserting that due to his incarceration and inability to pay for counsel, he cannot represent himself. There is no absolute constitutional right to free legal representation in a civil case. See Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998). Rather, appointment of counsel in a civil case is left to the discretion of the court. See 28 U.S.C. § 1915(d). The court has discretion to deny a motion seeking such representation, unless the indigent litigant demonstrates that exceptional circumstances exist, such that fundamental unfairness impinging upon his or her right to due process is likely to result if counsel is not appointed. See King, 149 F.3d at 14 (citing DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)).

Here, Kargbo has demonstrated an ability to draft cogent filings, to state certain plausible claims, to describe facts relevant to his claims, and to identify fact witnesses. No evidentiary hearings have been scheduled in this case. Kargbo's

assertions regarding his imprisoned status and lack of funds are insufficient to demonstrate that, without court-appointed counsel, he is likely to suffer any fundamental unfairness or due process violation.  Therefore, an appointment of counsel is not warranted at this time.  Accordingly, the motion for appointment of counsel is denied, without prejudice to Kargbo's renewing the motion if he can show that changed circumstances warrant the appointment of counsel.

III. Preliminary Review

As set forth in the Report and Recommendation, Kargbo has stated plausible claims for relief in the complaint (doc. nos. 1, 8, 9, and 12), for violations of Kargbo's right to due process, based on the allegations of excessive force employed by Sgt. C. Brown and Officers Meurin, Plumpton, and Caisse, and for violations of Kargbo's right to equal protection of the laws, based on allegations of their racial motivation for using such force.  The court shall therefore order service of the complaint, as specified below.

## Conclusion

1.   The motion for appointment of counsel (doc. no. 10) is denied, without prejudice to Kargbo's filing a new motion in

this case seeking such relief, if any exceptional circumstances arise in the future that would warrant the appointment of counsel.

2. The motion to amend the complaint (doc. no. 9) is granted.

3. The clerk's office is directed to prepare and issue summonses for the following officers at the Hillsborough County Department of Corrections: Sgt. C. Brown and Officers Meurin, Plumpton, and Caisse. The clerk's office shall forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summonses; the complaint (doc. no. 1); the Report and Recommendation issued on this date; and this Order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve process on each defendant. See Fed. R. Civ. P. 4(c)(3).

4. Defendants are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

5. Kargbo is instructed that all future pleadings, written motions, notices, or similar papers shall be served

directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

December 22, 2011

cc: Abu B. Kargbo, pro se

LBM:nmd