**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Abu B. Kargbo

    v.                             Civil No. 11-cv-130-SM

James O'Mara et al.


**REPORT AND RECOMMENDATION**


    Before the court are pro se plaintiff Abu B. Kargbo's addenda to the complaint (doc. nos. 20 and 21).[1]  Kargbo has attempted to assert new claims in these documents against certain Hillsborough County Department of Corrections ("HCDC") officers, including Sgt. T. Gordon and Officers Wetherbee and Archambault, whose first names are unknown ("FNU").  The matter is before the court for preliminary review to determine if Kargbo has stated a claim upon which relief can be granted.  See 28 U.S.C. § 1915A; United States District Court, District of New Hampshire Local Rule ("LR") 4.3(d)(2) (clerk's office shall forward amendments to initial filings to magistrate judge for preliminary review).

---

[1]In an Order issued on this date, the court has granted Kargbo's motion to amend the complaint (doc. no. 21) and has directed the clerk's office to redocket that motion as an addendum to the complaint.

**Standard of Review**

Under LR 4.3(d)(2), when an incarcerated plaintiff commences an action pro se or files amendments to the initial filings, the magistrate judge conducts a preliminary review. The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint or amendment fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See id. (citing 28 U.S.C. § 1915A & Fed. R. Civ. P. 12(b)(1)). In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if a pleading states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed.

R. Civ. P. 12(b)(6).  The court decides whether the complaint
contains sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face.  See Ashcroft v.
Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged
approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1,
12 (1st Cir. 2011).  The court first screens the complaint for
statements that "merely offer legal conclusions couched as fact
or threadbare recitals of the elements of a cause of action."
Id. (citations, internal quotation marks and alterations
omitted).  A claim consisting of little more than "allegations
that merely parrot the elements of the cause of action" may be
dismissed.  Id.  The second part of the test requires the court
to credit as true all non-conclusory factual allegations and the
reasonable inferences drawn from those allegations, and then to
determine if the claim is plausible.  Id.  The plausibility
requirement "simply calls for enough fact to raise a reasonable
expectation that discovery will reveal evidence" of illegal
conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).
The "make-or-break standard" is that those allegations and
inferences, taken as true, "must state a plausible, not a merely
conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of

3

Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

## Background

Kargbo, at all times relevant to this action, was a pretrial detainee at the HCDC, in Manchester, New Hampshire, awaiting trial on rape charges.  Kargbo filed the original complaint (doc. no. 1) in this action on March 31, 2011, asserting that HCDC officers had violated his rights to due

process and equal protection, in subjecting him to excessive force and to discrimination on the basis of race and national origin.

This court, on December 22, 2011, directed service of certain claims in the complaint, on HCDC Sgt. C. Brown and Officers Meurin, Plumpton, and Caisse, arising out of an alleged June 10, 2010, assault on Kargbo, involving the use of racial epithets.  <u>See</u> Order (doc. no. 15).  In a report and recommendation, issued on December 22, 2011, the undersigned magistrate judge recommended that all of the other claims asserted by Kargbo prior to that date be dismissed for failure to state a claim upon which relief could be granted.  <u>See</u> Report and Recommendation (doc. no. 14).  The district court has approved the Report and Recommendation and has dismissed the claims at issue.  <u>See</u> Order (doc. no. 27).

In the complaint addenda (doc. nos. 20 and 21), Kargbo asserts new facts, regarding an assault involving Sgt. T. Gordon and Officers Wetherbee and Archambault, which allegedly occurred on September 30, 2011, between 9:15 p.m. and 9:30 p.m., when officers were moving Kargbo from Unit 2A to Unit 2B.  Kargbo alleges that, at that time, Sgt. T. Gordon called Kargbo a "rapist bastard," and said, "Why did you like to rape a woman?",

and also told Officer Wetherbee to punch and kick Kargbo.
Wetherbee complied by punching and kicking Kargbo's stomach.
During the alleged assault, Officer Archambault restrained
Kargbo's hands, and Sgt. Gordon choked Kargbo.

The court construes the facts asserted in the complaint
addenda (doc. nos. 21 and 22) as intending to assert the
following claims[2]:

- Defendants are liable under 42 U.S.C. § 1983 for using
  excessive force against Kargbo in violation of his
  Fourteenth Amendment right to due process, in that, on
  September 30, 2011, Sgt. T. Gordon called Kargbo a
  rapist and ordered Officer Wetherbee to kick and punch
  Kargbo's stomach, which Wetherbee did, while Gordon
  choked Kargbo, and Officer Archambault restrained
  Kargbo's hands.

- Defendants are liable to Kargbo under 42 U.S.C. § 1983
  for hate crimes, racial discrimination, national
  origin discrimination, and excessive force:  (1) for
  unspecified incidents involving unspecified
  individuals, which occurred on May 2, 2010; May 5,
  2010; June 6, 2010; August 10, 2011; September 14,
  2011; September 30, 2011; and October 3, 2011; and (2)
  for an unspecified incident involving Officer Crow on
  December 26, 2011.

---

[2]The claims identified in this Report and Recommendation
shall be construed to be the claims asserted in the complaint
addenda (doc. nos. 20 and 21).  If Kargbo disagrees with this
identification of his claims, he must file a motion to amend the
complaint or an objection to this Report and Recommendation.

**Discussion**

I.   Excessive Force

The "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); see also Surprenant v. Rivas, 424 F.3d 5, 15 (1st Cir. 2005).  That right is at least as protective as the Eighth Amendment's guarantee regarding excessive force.  See Burrell v. Hampshire Cnty., 307 F.3d 1, 7 (1st Cir. 2002).

The applicable Eighth Amendment standard is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992).  In asserting an excessive force claim, a prisoner need not allege that he has sustained a serious or significant injury in order to obtain relief.  See Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S. Ct. 1175, 1178 (2010).  The relevant factors in evaluating an excessive force claim are:  the need for force; the relationship between that need and the amount of force applied; the extent of any injury inflicted; the "threat reasonably perceived by the responsible officials"; and the "efforts made to temper the

7

severity of a forceful response." <u>Hudson</u>, 503 U.S. at 7
(internal quotation marks and citation omitted).

Kargbo asserts that he was subjected to excessive force on
September 30, 2011, when Sgt. Gordon called Kargbo a rapist,
told Officer Wetherbee to strike him, and choked Kargbo, and
when Officer Archambault restrained Kargbo's hands and Officer
Wetherbee punched and kicked Kargbo in the stomach.  The
complaint provides no facts suggesting that there was any need
for substantial force during what Kargbo describes as his
transfer from one unit to another.  The apparent lack of any
exigency or need to restore order, the allegations regarding the
amount of force used, and Sgt. Gordon's alleged remarks
suggesting that the force used against Kargbo was punitive for
pending rape charges, taken together, warrant this court's
conclusion that the complaint states a plausible excessive force
claim.  Accordingly, in an Order issued on this date, the court
has directed service of the excessive force claim against Sgt.
T. Brown and Officers Archambault and Wetherbee.

II.  <u>Remaining Allegations</u>

The remaining allegations of excessive force, "hate
crimes," and discrimination are not supported by sufficient

pertinent, nonconclusory factual allegations, to state any

plausible claim for relief.  See Ocasio-Hernández v. Fortuño-

Burset, 640 F.3d at 12 (claim parroting elements of cause of

action may be dismissed as insufficiently stated).  For those

reasons, the court should dismiss the remaining claims of

excessive force, "hate crimes," and discrimination asserted by

Kargbo in the complaint addenda (doc. nos. 20 and 21).


III.  Supervisory and Municipal Liability

     Supervisory liability under 42 U.S.C. § 1983 lies only

where "an affirmative link between the behavior of a subordinate

and the action or inaction of his supervisor exists such that

the supervisor's conduct led inexorably to the constitutional

violation."  Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir.

2009) (internal quotation marks and citation omitted).  A

similar limitation applies to a claim of municipal liability.

See Connick v. Thompson, ___ U.S. ___, ___, 131 S. Ct. 1350,

1359 (2011) (municipalities may not be held vicariously liable

under section 1983); Young v. City of Providence ex rel.

Napolitano, 404 F.3d 4, 25 (1st Cir. 2005) ("it is only when the

governmental employees' 'execution of a government's policy or

custom . . . inflicts the injury' and is 'the moving force'

behind the constitutional violation that a municipality can be liable" under section 1983 (citation omitted)).

Here, Kargbo has not stated any facts to support a claim that any supervisor's conduct or inaction "led inexorably" to Sgt. Gordon's and Officers Archambault's and Wetherbee's use of excessive force against Kargbo.  See Maldonado, 562 F.3d at 275. Furthermore, Kargbo has not shown that the execution or implementation of any municipal policy caused those officers to engage in the allegedly unconstitutional conduct.  See Young, 404 F.3d at 25.  Accordingly, no claim of supervisory or municipal liability arising from the facts asserted in the addenda to the complaint (doc. nos. 20 and 21) may proceed, and any such claim intended to be asserted here should be dismissed.

Conclusion

The court, in an Order issued this date, directs service of an excessive force claim asserted against Sgt. T. Gordon and Officers FNU Wetherbee and Archambault, arising from an assault alleged to have occurred on September 30, 2011.  For the reasons stated in this Report and Recommendation, the remaining claims asserted in the complaint addenda (doc. nos. 20 and 21) should be dismissed, including all claims asserted therein as to Sgt.

FNU Antilles and Officers Adam, J. Barbera, Boil, Crow, Davis, Ellis, Fitzpatrick, Medic, Michaud, Price, Richard, and Ross.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, ___ U.S. ___, 80 U.S.L.W. 3397 (U.S. Jan. 9, 2012) (No. 11-7382); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 31, 2012

cc:  Abu B. Kargbo, pro se
     John A. Curran, Esq.

LBM:nmd