UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Abu B. Kargbo

   v.                                              Civil No. 11-cv-130-SM

James O'Mara et al.

**O R D E R**

Before the court is pro se plaintiff Abu B. Kargbo's motion to amend the complaint (doc. no. 21), seeking to add new defendants and claims to this action.  Also before the court is a complaint addendum (doc. no. 20), and a document docketed as Kargbo's request for issuance of summons (doc. no. 24), which the clerk shall redocket as a motion to serve a summons upon Attorney Carolyn Kirby, on behalf of Officer Meurin and Officer Davis.  These documents are before the court for a ruling as to each motion, and for a preliminary review of the complaint addenda to determine if Kargbo has stated any new claim therein that can be served, pursuant to Local Rule 4.3(d)(2).

I.   Motion to Amend

The new claims asserted in the filings at issue (doc. nos. 20 and 21), like the claims asserted in the original complaint and the addenda thereto (doc. nos. 1, 8, 9, and 12), arise out

of incidents occurring at the Hillsborough County Department of Corrections ("HCDC") in Manchester, New Hampshire, when Kargbo was a pretrial detainee there.  The motion to amend is in the nature of a complaint addendum, in that the proposed amendment adds factual allegations without reiterating the contents of documents previously construed by this court to constitute the complaint (doc. nos. 1, 8, 9, and 12)

Fed. R. Civ. P. 15 allows a plaintiff to amend a complaint once after the complaint has been served, within twenty-one days of defendants' service of their response to the complaint.  Here, defendants had not yet filed a response to the complaint when plaintiff sought leave to file an amendment.  The proposed complaint amendment is timely, and the court finds no basis for concluding that defendants will be prejudiced if the amendment is allowed.  Accordingly, the motion to amend (doc. no. 21) is granted.

The clerk's office shall redocket the motion to amend (doc. no. 21) as a complaint addendum.  The complaint, for all purposes in this action, shall henceforth be deemed to consist of the factual allegations set forth in doc. nos. 1, 8, 9, 12, 20, and 21.

## II. Identification of Claims to Be Served

The court has found, for reasons stated in the Report and Recommendation issued on this date, that Kargbo has stated an excessive force claim against Sgt. T. Gordon and HCDC Officers FNU Archambault and Wetherbee, under 42 U.S.C. § 1983. For reasons stated in the Report and Recommendation, the court has recommended dismissal of all other claims asserted in the complaint addenda (doc. nos. 20 and 21), including any claims asserted as to the following individuals: Sgt. FNU Antilles and Officers Adam, J. Barbera, Boil, Crow, Davis, Ellis, Fitzpatrick, Medic, Michaud, Price, Richard, and Ross.

## III. Service of Amended Complaint

Service of the complaint as to Sgt. T. Gordon and Officers FNU Archambault and FNU Wetherbee, shall be effected as follows:

The clerk's office shall prepare and issue summonses for Sgt. T. Gordon, Officer FNU Wetherbee, and Officer FNU Archambault at the Hillsborough County Department of Corrections.

Upon issuance of the summonses, the clerk's office shall forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summonses; the complaint and the addenda thereto (doc. nos. 1, 8, 9, 12, 20,

and 21); the Report and Recommendation issued December 22, 2011 (doc. no. 15); the Order accepting the December 2011 Report and Recommendation (doc. no. 27); the Report and Recommendation issued on this date; and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve the individual defendants.  See Fed. R. Civ. P. 4(c)(3).

Defendants are instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Kargbo is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

IV.   Motion to Serve Attorney Kirby

Kargbo has requested that this court serve process upon Attorney Carolyn Kirby, on behalf of Officers Meurin and Davis.  This court has not authorized service of the complaint upon Officer Davis.  Officer Meurin is a former HCDC employee as to whom service of process has not been executed because Kargbo has failed to provide the court with current contact information for him.  The record provides no grounds for finding that Attorney Kirby represents Officer Meurin, or that Meurin would receive

4

notice of this lawsuit through service upon Attorney Kirby. Accordingly, the court denies the motion requesting service upon Attorney Kirby (doc. no. 24), on behalf of Officers Davis and Meurin.

## Conclusion

In accordance with the foregoing, the court GRANTS the motion to amend the complaint (doc. no. 21), directs the clerk to redocket that motion (doc. no. 21) as an addendum to the complaint, and orders service of process as to HCDC Sgt. T. Gordon and Officers FNU Wetherbee and FNU Archambault, as specified above. In addition, the court directs the clerk to redocket Kargbo's request for issuance of summons (doc. no. 24) as a motion requesting service upon Attorney Kirby. That motion (doc. no. 24) is DENIED.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

January 31, 2012

cc: Abu B. Kargbo, pro se
    John A. Curran, Esq.

LBM:nmd