UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Abu B. Kargbo

    v.                                          Civil No. 11-cv-130-SM

James O'Mara et al.


**O R D E R**

Before the court is pro se plaintiff Abu B. Kargbo's motion for appointment of counsel (doc. no. 50). Defendants have objected (doc. no. 51).

This court denied without prejudice Kargbo's prior motion to appoint counsel. See Order (doc. no. 10). As noted in that order, the court has discretion to deny an appointment in a civil case, unless the indigent litigant demonstrates that there are exceptional circumstances, such that fundamental unfairness, impinging upon the right to due process, is likely to result if counsel is not appointed. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In denying the prior motion, this court found that counsel's appointment was not required, in part because Kargbo had demonstrated an ability to state actionable claims and identify witnesses, and no evidentiary hearings had been scheduled. Since that time, deadlines for discovery,

expert disclosures, dispositive motions, and a May 2013 trial date have been set in this case, see Order (doc. no. 44), and the record shows that counsel for defendants and plaintiff have had discovery issues and communication difficulties.  See, e.g., Defs.'s Response (doc. no. 56); Plf.'s Statement (doc. no. 52).

At this time, the court finds that the case-specific factors discussed above warrant this court's exercise of its authority to appoint counsel for Kargbo.  Therefore, the court grants the motion to appoint counsel (doc. no. 50), <u>on the condition that suitable counsel is available and willing to accept the appointment on a pro bono basis</u>.  See 28 U.S.C. § 1915(e)(1) (court may request that counsel represent indigent plaintiff); <u>Ruffin v. Brann</u>, No. CV-09-87-B-W, 2010 WL 500827, *1 (D. Me. Feb. 8, 2010) (no funds are generally available to pay counsel's fees or costs in such circumstances).

The clerk's office shall contact counsel, selected from the list of attorneys registered to file documents electronically in this court, and request that counsel represent Kargbo pro bono in this matter.  Counsel shall be notified that she or he may decline the appointment, and that no funds are available to pay counsel's fees and costs.  Upon request of counsel, the clerk's office shall forward to counsel a copy of the pleadings and

other documents in this case.  Counsel, upon request, may have twenty-one days to review the documents and to communicate with Kargbo before making a decision as to whether to accept the pro bono appointment.

If the court is unable to secure counsel willing to represent Kargbo pro bono in this matter by November 8, 2012, the clerk's office will promptly notify Kargbo.

## Conclusion

For the foregoing reasons, the motion for appointment of counsel (doc. no. 28) is GRANTED, conditioned on the identification of suitable, available counsel willing to represent Kargbo pro bono by November 8, 2012.  The court shall notify Kargbo by November 8, 2012, regarding whether it has secured such representation for him.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 11, 2012

cc:  Abu B. Kargbo, pro se
     John Curran, Esq.

LBM:nmd